**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4580**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NATHANIEL CORTEZ FORD,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:04-cr-00208)

———————

Submitted: March 29, 2007          Decided: April 3, 2007

———————

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Norman Butler, Charlotte, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathaniel Cortez Ford appeals his conviction and sentence for a violation of 18 U.S.C. § 922(g)(1) (2000), possession of a firearm by a convicted felon. The district court sentenced Ford to sixty months' imprisonment, three years of supervised release, and ordered payment of a $100 statutory assessment. Ford has appealed, challenging the district court's admission of evidence and asserting that his federal sentence should run concurrently to his state sentence because his judgment order did not specify whether it was to run concurrently or consecutively. We affirm Ford's conviction and sentence.

We review the district court's admission of evidence pursuant to Fed. R. Crim. P. 404(b) for abuse of discretion, and will not overturn the court's decision to admit such evidence unless it was "arbitrary or irrational." See United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). Ford challenges the district court's decision to allow law enforcement witnesses to testify concerning their investigation of, and Ford's statements relative to, a prior shoot-out on the ground that the testimony was introduced simply to demonstrate Ford's criminal propensities or bad character. Contrary to Ford's assertions, we find no abuse of the district court's discretion. The evidence was directly probative of Ford's motive, intent, and absence of mistake with regard to possessing a firearm four days later, the evidence was

limited insofar as Ford was identified only as a "person in interest," with no mention of the fact that arrest warrants had been issued for him relative to that incident, the district court instructed the jury that it was to limit its consideration of the challenged evidence to the allowable issues pursuant to Rule 404(b), the facts presented were not in dispute, and the prejudicial effect of the testimony did not outweigh its probative value. Id. at 994-95, 997.

We likewise reject Ford's contention that because the district court's judgment order is silent as to the relationship between his federal sentence on the instant offense and a state sentence, his federal sentence should run concurrently with his state sentence. Pursuant to the provisions of both 18 U.S.C. § 3584(a) (2000), and U. S. Sentencing Guidelines Manual, § 5G1.3(a) (2004), Ford's federal sentence on the instant offense and his previously-imposed but undischarged state court sentence on a separate offense are considered multiple terms of imprisonment imposed at different times that are to run consecutively.

Accordingly, we affirm Ford's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED